COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on Complaint of MARGUERITE DENNIS, Appellant, *v.* GUSTAVE UHLIG, Respondent.

First Department, November 1, 1940.

*Wm. Mason Smith, Jr.,* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel,* attorney], for the appellant.

*George Gruberg* of counsel [*McLean, Ferris, Ely & Fain,* attorneys], for the respondent.

PER CURIAM. The finding that defendant was not the father of the child of the complainant was against the weight of the credible evidence. Defendant admitted intercourse with complainant on seven different occasions between June, 1938, and February, 1939. Complainant denied having been intimate with any other man and there is no evidence in the record tending to impeach her testimony in this respect.

The birth took place October 20, 1939. Defendant admitted there was intercourse on two occasions in December, 1938, and one in February, 1939, on which latter occasion he did not use a contraceptive. Complainant testified to intercourse on two

occasions in January, 1939. These acts were denied by defendant. In addition, his medical testimony was to the effect that pregnancy and the birth of a normal child weighing seven pounds, twelve ounces, could not in all probability have resulted from the acts of intercourse in December or February. However, his physician admitted that there were exceptions to all rules and that there was a possibility of such a result. If intercourse took place in January, as claimed by the complainant, there was no question, of course, that the birth was normal.

Allowing for the alleged inconsistencies in complainant's bill of particulars and the failure to find corroboration of complainant's testimony with respect to the acts of intercourse from the registration cards at the Hotel Lenox in January, 1939, we are of opinion that, when all the evidence is considered, including defendant's conduct after he was apprised of the pregnancy and his advancement of money to care for complainant, the order of filiation should have been granted.

It follows, therefore, that the order appealed from should be reversed and a new trial ordered.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.; TOWNLEY and GLENNON, JJ., dissent.

Order reversed and a new trial ordered. Settle order on notice.